IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YANTSEY GONZALES § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL CASE NO. H-08-2546 |
| § | | |
| HARRIS COUNTY, TEXAS, § | | |
| K. WILLIS, M. NATIONS, R. § | | |
| MARTINEZ and JOHN DO HARRIS § | | |
| COUNTY SHERIFF DEPUTY(IES), § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

Pending before the Court is an Amended Motion to Dismiss [Doc. # 26] ("Amended Motion"), filed by Defendant Harris County, Texas ("Harris County"). Harris County's Amended Motion adopts its previously filed Motion to Dismiss [Doc. # 8] ("Motion")[1] that the Court denied without prejudice at the initial pretrial conference held on October 21, 2008. At the initial pretrial conference, the Court discussed Harris County's Motion with the parties and described what appeared to be deficiencies in Plaintiff's claims against Harris County and the other individual Defendants. Plaintiff was ordered to file a Federal Rule of Civil Procedure 7(a) Reply

---

[1] Plaintiff Yantsey Gonzales responded [Doc. # 14], contending that Harris County's Motion was premature and requesting limited discovery of the facts and circumstances surrounding the shooting in dispute in this case.

to address, *inter alia*, these deficiencies [Doc. # 19]. Plaintiff instead filed a First Amended Complaint on January 12, 2009. Harris County then filed the Amended Motion adopting its previously filed Motion. Plaintiff has neither responded to the Amended Motion nor requested additional time, and the time to do so has now passed. Upon review of the parties' submissions, all pertinent matters of record, and applicable legal authorities, the Court concludes that Harris County's Amended Motion should be **granted in part** and **denied in part**.

I.   FACTUAL BACKGROUND

At approximately 2:49 p.m. on August 24, 2006, Plaintiff was shot by Harris County Sheriff's Office[2] deputies while he was a passenger in a vehicle driven by Charles Ray Lewis ("Lewis") on or about the Auto Zone parking lot in the 14000 block of FM 2100. As a result of being shot, Plaintiff was paralyzed. Plaintiff and Defendants vigorously contest the circumstances under which the shooting occurred. Plaintiff alleges that the deputies involved in the shooting did not have probable cause and/or lawful justification to discharge their weapons into the vehicle. Defendants contend that Plaintiff was shot by Harris County Sheriff's Office deputies in self-defense while they were trying to apprehend Plaintiff and Lewis during a buy/bust narcotics control operation after Lewis used the vehicle as a weapon to strike several

---

[2]   The parties consistently refer to the Sheriff's Office as the "Harris County Sheriff's Department." However, the Court adopts the moniker of the official Sheriff's Office website.

deputies and after Plaintiff was seen with a gun. Plaintiff has sued Harris County and several deputies individually, alleging a litany of claims under, *inter alia*, 42 U.S.C. §§ 1981, 1982 and 1983, the Fourth and Fourteenth Amendments to the U.S. Constitution, and the Texas Tort Claims Act. Harris County has moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.     LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) for failure to state a claim is viewed with disfavor and is rarely granted. *See Hall v. Hodgkins*, 2008 WL 5352000, at *2 (5th Cir. Dec. 23, 2008); *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004) (citing *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). The complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true. *See Erickson v. Pardus*, 551 U.S. 89, __, 127 S. Ct. 2197, 2200 (2007) ("[A] judge must accept as true all of the factual allegations contained in the complaint." (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (internal citations omitted))). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted).

## III. ANALYSIS

Plaintiff's First Amended Complaint is not especially detailed. In addition to claims set forth in separately identified and captioned paragraphs, Plaintiff appears to allege several or his claims in the "Facts" section of the First Amended Complaint, paragraphs 9 through 18. The Court, however, is required to liberally construe the claims in favor of Plaintiff for purposes of a motion to dismiss. *See Erickson*, 127 S. Ct. at 2200. Liberally construed, Plaintiff seeks to recover damages from Harris County pursuant to 42 U.S.C. §§ 1981, 1982, and 1983 (based on allegations that Harris County violated Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments) and under various state law theories.

### A. SOVEREIGN IMMUNITY

As a threshold issue, Harris County argues that it "has sovereign immunity against all claims [brought under] both Federal and State law."[3] Under the Eleventh Amendment, states are immune from private suits in their own courts. *Black v. North Panola Sch. Dist.*, 461 F.3d 584, 593 (5th Cir. 2006) (citing *Alden v. Maine*, 527 U.S. 706, 754 (1999)). Sovereign immunity, however, "does not extend to suits prosecuted against municipalities or other governmental entities that are not considered arms of the state." *Id.* Fifth Circuit authority "establish[es] without question that Eleventh Amendment immunity does not, as a general rule, extend to counties," and that "no

---

[3] Harris County's Motion [Doc. # 8], ¶ 8.

exception should be made to this rule without convincing evidence distinguishing the county in question from counties generally." *United Disaster Response, LLC v. Omni Pinnacle, LLC*, 511 F.3d 476, 479 (5th Cir. 2007) (citing *Crane v. Tex.*, 759 F.2d 412 (5th Cir.), *amended in part on denial of rehearing*, 766 F.2d 193 (5th Cir. 1985)). Harris County advances no argument distinguishing it from counties generally. Accordingly, the Court concludes that sovereign immunity does not shield Harris County completely from Plaintiff's claims in the present suit.

### B.     PLAINTIFF'S § 1981 CLAIM

Plaintiff very broadly, and without any further supporting explanation of how a violation occurred, alleges that he "brings suit against the Defendants pursuant to 42 U.S.C. §1981."[4] Section 1981 provides in part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefits of all laws and proceedings for the security of the persons and property as is enjoyed by white citizens.

42 U.S.C. § 1981.  To establish a claim under § 1981, Plaintiff "must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute [ *e.g.*, enforcement of a contract]." *Felton v. Polles*, 315 F.3d 470, 483 (5th Cir. 2002),

---

[4]     Plaintiff's First Amended Complaint [Doc. # 22], ¶ 18.

*abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).

Plaintiff has not alleged facts to demonstrate how he suffered discrimination concerning any activity enumerated in the statute, and has thus failed to plead the required elements of a cause of action under § 1981. Because Plaintiff has been given two opportunities to plead his claims (one of which opportunity was after Plaintiff learned of the County's argument in its original motion to dismiss) and yet has failed to cure this deficiency, the Court concludes Plaintiff cannot plead facts sufficient to state a claim under § 1981. Accordingly, Plaintiff's § 1981 claim against Harris County is dismissed.

### C. PLAINTIFF'S § 1982 CLAIM

Plaintiff, conclusorily alleges that he bring suit against Defendants under to 42 U.S.C. § 1982.[5] He gives no explanation of how a violation allegedly occurred. Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. Plaintiff has alleged no facts that give rise to a right to relief on a § 1982 claim. Accordingly, Plaintiff's § 1982 claim against Harris County is dismissed.

### D. PLAINTIFF'S § 1983 CLAIMS

---

5      *Id.*

Plaintiff alleges that Harris County "agreed to, and did, work in concert with the other defendants to deprive Plaintiff of his civil rights," and that this is an actionable conspiracy under 42 U.S.C. § 1983.[6]  "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff alleges that Harris County violated his civil rights under the Fourth and Fourteenth Amendments.  Harris County argues that Plaintiff has failed to plead facts sufficient to support a § 1983 claim.

A municipality cannot be held liable under a theory of *respondeat superior* or vicarious liability for the intentional torts of its employees.  *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *see also Monnell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable solely because it employs a tortfeasor . . . ."); *Hampton Co. Nat. Sur., LLC v. Tunica County, Miss.*, 543 F.3d 221, 227 (5th Cir. 2008).  Municipal liability under § 1983 requires proof of three elements: (1) an official policy or custom, of which (2) a final policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *Hampton Co.*, 543 F.3d at 227 (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.2001)).  Plaintiff must also assert that the municipality's inadequate policy or

---

[6]  Plaintiff's First Amended Complaint [Doc. # 22], ¶ 23.

custom was adopted with deliberate indifference to the constitutional rights of its citizens. *Harris*, 489 U.S. at 387–91. Stated differently, there must be both municipal culpability and causation. *See Snyder v. Trepagnier*, 142 F.3d 791, 796 (5th Cir. 1998).

At this stage of the proceedings, Plaintiff must plead facts which, if true, would raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555. Specifically, Plaintiff must allege that Harris County, through its policy makers, formulated or had constructive knowledge of an official policy or custom that sanctioned or encouraged a deprivation of rights protected by the Constitution and that Harris County adopted this policy or custom with deliberate indifference. Courts are not to apply a heightened pleading standard to § 1983 claims against municipal defendants. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993).

### 1. Failure to Discipline or Retrain for Use of Excessive Force

Plaintiff's First Amended Complaint alleges that Harris County, through the "Harris County Sheriff's Department[,] has a custom, practice, policy and procedure of not disciplining nor [sic] retraining deputies/officers who use excessive force on suspects, violate chase policies or any policies regarding safe apprehension of suspects

in vehicles."[7] Plaintiff sufficiently alleges the requirements for municipal liability under this theory to state a claim under § 1983 for the purposes of a motion to dismiss. In addition to alleging that Harris County had an official policy or custom, Plaintiff further alleges that "[t]he complained of customs, practices, policies and procedures were deliberate and conscious decisions, or the conscious practices of the final policymakers of Harris County," that "[t]he complained of customs, practices, policies and procedures show deliberate indifference to [Plaintiff's] constitutional rights," and that "[t]hese policies were a moving force in causing [Plaintiff's] paralysis."[8] Plaintiff's allegations are sufficient to meet his burden at this stage of the proceedings. Accordingly, Harris County's Amended Motion to Dismiss on the grounds that Plaintiff failed to state § 1983 claim against the County for failure to discipline or retrain is denied.

### 2. Failure to Train or Supervise on Reasonable Trigger Discipline and Use of Deadly Force

Plaintiff, on a very similar basis as the failure to discipline or retrain claim, alleges that the Harris County Sheriff's Office failed to properly train its deputies with regard to exercising objectively reasonable trigger discipline and with regard to the

---

[7] Plaintiff's First Amended Complaint [Doc. # 22], ¶ 20. To avoid mischaracterizing the claims, the Court has adopted Plaintiff's phrasing where the claim is unclear.

[8] *Id.*

premature use of deadly force.[9] A municipality's policy of failing to train its police officers can give rise to § 1983 liability. *Pineda v. City of Houston*, 291 F.3d 325, 331–32 (5th Cir. 2002) (citing *Brown v. Bryan County*, 219 F.3d 450, 457 (5th Cir. 2000)). To establish Harris County's liability, Plaintiff must show "(1) inadequate training procedures; (2) that inadequate training caused the task force officers to shoot [Plaintiff]; and (3) the deliberate indifference of municipal policymakers." *Id.* (citing *Conner v. Travis County*, 209 F.3d 794, 796 (5th Cir. 2000)). Viewing Plaintiff's Amended Complaint as a whole and in the light most favorable to him, Plaintiff has sufficiently alleged the requirements for municipal liability under § 1983 on the basis of failure to train. Accordingly, Harris County's Amended Motion to Dismiss on the grounds that Plaintiff failed to state § 1983 claim based on the failure to train or supervise is denied.

### 3. Excessive Force Claim

Plaintiff alleges that Harris County violated his Fourth Amendment rights "when they shot him" and his Fourteenth Amendment rights "when it unlawfully deprived him of freedom by using excessive deadly force in shooting him in the back and rendering him paralyzed."[10] The Supreme Court has emphasized "all claims that law enforcement officials have used excessive force—deadly or not—in the course

---

[9] *Id.*, ¶¶ 9–10, 12.

[10] *Id.*, ¶ 22.

of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard rather than a substantive due process approach." *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see Gutierrez v. City of San Antonio*, 139 F.3d 441, 446 (5th Cir.1998). "Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,'" as invoked by Plaintiff in his § 1983 claim based on the use of excessive force, "must be the guide for analysis." *See Graham*, 490 U.S. at 395.

The Fourth Amendment guarantees individuals the right against unreasonable seizure through the use of excessive force by a law enforcement officer in the course of making an arrest. *See Ramirez v. Knoulton*, 542 F.3d 124, 128 (5th Cir. 2008) (citing *Colston v. Barnhart*, 130 F.3d 96, 102 (5th Cir. 1997)). "To prevail on an excessive force claim, a plaintiff must establish: '(1) injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.'" *Id.* (quoting *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007)). Here, Plaintiff has made allegations sufficient to meet his burden on a motion to dismiss. Plaintiff alleges that he was shot as a result of the application of clearly unreasonable excessive force and that Harris County had a deliberately adopted official policy or custom that was the moving force of this constitutional

violation. Accordingly, the Court denies Harris County's Amended Motion to Dismiss on the grounds that Plaintiff failed to state § 1983 claim based on a Fourth Amendment violation for the excessive use of force.

### 4. Failure to Provide Medical Care Claim

Plaintiff also alleges that Harris County violated his Fourteenth Amendment rights by not providing medical care after Plaintiff was shot. The due process guarantees of the Fourteenth Amendment secure an individual in state custody the right to medical care. *Mace v. City of Palestine*, 333 F.3d 621, 625 (5th Cir. 2003) (citing *Wagner v. Bay City, Tex.*, 227 F.3d 316, 324 (5th Cir. 2000)). "This right is violated if an officer acts with deliberate indifference to a substantial risk of serious medical harm and resulting injuries." Id.; *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Mere negligence or failure to act reasonably is not enough," "[t]he officer must have the subjective intent to cause harm." *Mace*, 333 F.3d at 625.

Plaintiff's First Amended Complaint fails to allege any facts that would raise a legally sufficient claim for failure to provide medical care. To the contrary, Plaintiff's Response indicates that Plaintiff was "ultimately taken from the scene [of the incident] by life flight."[11] Because Plaintiff has failed to allege facts that would raise a right to relief, Harris County's Amended Motion is granted with respect to Plaintiff's § 1983 claim based upon the failure to provide medical care claim.

---

11  Plaintiff's Response [Doc. # 14], ¶ 9.

### E.  STATE LAW CLAIMS:  ASSAULT AND BATTERY AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff alleges that Defendants "assaulted and battered, and caused bodily injury to [Plaintiff] intentionally, knowingly, and recklessly when they made contact with his person."[12]  Plaintiff further alleges that Defendants "acted willfully and recklessly" and that their conduct was "extreme and outrageous" and, therefore, that defendants are liable for intentional infliction of emotional distress.[13]

Under Texas law, a municipality cannot be held liable for common law causes of action unless the state legislature waives sovereign immunity by expressly giving consent. *Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 594 (Tex. 2001).  The Texas Tort Claims Act, Texas Civil Practice and Remedies Code § 101.001 *et seq*. ("TTCA"), waives sovereign immunity on certain claims, but not for claims "arising out of assault, battery, false imprisonment, or any other intentional tort." TEX. CIV. PRAC. & REM. CODE § 101.057; *Texas Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001).  Accordingly, Plaintiff's assault and battery and intentional infliction of emotional distress claims against Harris County are dismissed.

---

[12]   Plaintiff's First Amended Complaint [Doc. # 22], ¶ 24.

[13]   *Id.*, ¶ 25.

**F.      PLAINTIFF'S § 101.021 CLAIM**

Plaintiff alleges that Harris County is liable under § 101.021 of the TTCA. Section § 101.021 provides that "[a] governmental unit in the state is liable for . . . personal injury and death so caused by a condition or use of tangible or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. P. & REM. § 101.021. Plaintiff alleges the County is liable for his paralysis because it was caused by the use of tangible property, a gun, in a manner that if the County was a private person, it would be liable for Plaintiff's injuries. Harris County advances two arguments in opposition to this claim.

First, Harris County argues that Plaintiff did not satisfy the six-month written notice requirement under § 101.101(a) of the TTCA. Section 101.101(a) provides that a "governmental unit is entitled to receive notice of a claim against it [under the TTCA] not later than six months after the day that the incident giving rise to the claim occurred." TEX. CIV. P. & REM. § 101.101(a). Plaintiff does not argue that it provided Harris County with written notice of his claim within this six-month period. Rather, Plaintiff broadly alleges that Harris County had actual knowledge of the claim by August 24, 2006.[14] The written notice requirement of § 101.101(a) does not apply if the governmental unit has "actual notice . . . that the claimant has received some injury." TEX. CIV. PRAC. & REM. CODE § 101.101(c). Whether governmental entities have actual notice is generally a question of fact. *See City of San Antonio v. Johnson*,

---

14      *Id.*, ¶ 1.

103 S.W.3d 639, 642 (Tex.App.—San Antonio 2003, pet. denied). "The purpose of the notice requirement is to ensure prompt reporting of claims in order to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial." *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). The Texas Supreme Court has held that "actual notice to a governmental unit requires knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved." *Id.* Construing the claims liberally in favor of Plaintiff, as required for a motion to dismiss, *see Erickson*, 127 S. Ct. at 2200, and given the severity of the incident, the Court declines to dismiss this claim at this early state of the case. Whether Harris County had actual notice of Plaintiff's injury, Harris County's alleged fault producing or contributing to the injury, and the identify of the parties involved, is an issue to be addressed later in this litigation when the facts, as opposed to mere allegations, are presented.

Second, Harris County argues that Plaintiff's § 101.021 claim fails because it asserts intentional, rather than negligent, conduct. As discussed previously, the TTCA does not waive sovereign immunity for claims arising out of intentional tort. TEX. CIV. PRAC. & REM. CODE § 101.057. Plaintiff has alleged that his injury was proximately caused by the negligent use of tangible personal property—the deputies' firearms. Specifically, Plaintiff's First Amended Complaint asserts that the individual

defendant deputies negligently discharged their weapons, negligently maintained their weapons, and committed other acts of omission and commission which constituted negligence.[15] These allegations, while conclusory, are sufficient to raise Plaintiff's right to relief against the County under § 101.021 of the TTCA above the speculative level. *See generally Twombly*, 550 U.S. at 555. Accordingly, the Court denies Harris County's Amended Motion with respect to Plaintiff's § 101.021 claim.[16]

### G.    **ELECTION OF REMEDIES**

Harris County also moves for dismissal against all state claims against the Harris County Sheriff's deputies under the election of remedies provision of Texas Civil Practice and Remedies Code § 101.106(e). Section 101.106(e) provides that "[i]f a suit is filed under [the TTCA] against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE § 101.106(e). Plaintiff's First Amended Complaint suggests that Plaintiff asserts state law claims under § 101.021 of the TTCA against only Harris County, and not against the individual defendant deputies. However, to the extent Plaintiff's First Amended Complaint could be construed to assert claims under the TTCA against the individual defendant

---

[15]    *Id.*, ¶ 26.

[16]    This and all rulings denying the County's Amended Motion are without prejudice to the County's reurging later in this case, if warranted by the facts revealed in discovery or at trial.

deputies, the Court concludes that Plaintiff's state law claims against the individual defendant deputies are dismissed pursuant to § 101.106(e).

### IV. CONCLUSION

For the foregoing reasons, Harris County's Amended Motion is denied with respect to Plaintiff's § 1983 claims based on the alleged failure to discipline or retrain for use of excessive force, the alleged failure to train or supervise on reasonable trigger discipline and use of deadly force, and the alleged use of excessive force. Harris County's Amended Motion is also denied with respect to Plaintiff's TTCA § 101.021 claim. Harris County's Amended Motion is granted with respect to all other claims. Furthermore, to the extent Plaintiff seeks to assert state law claims under § 101.021 of the TTCA against the individual defendant deputies, those state law claims are dismissed. Accordingly, it is hereby

**ORDERED** that Harris County's Amended Motion to Dismiss [Doc. # 26] is **GRANTED in part** and **DENIED in part**.

SIGNED at Houston, Texas, this 14th day of **April, 2009**.

_____
Nancy F. Atlas
United States District Judge