IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YANTSEY GONZALES | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-08-2546 |
| | § | |
| HARRIS COUNTY, TEXAS, | § | |
| K. WILLIS, M. NATIONS, and | § | |
| R. MARTINEZ, | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

This civil rights case is before the Court on the Motion for Summary Judgment [Doc. # 46] filed by Defendants Kirk Willis, Ruben Martinez, and Michael Nations (collectively, the "Individual Defendants") and the Motion for Summary Judgment [Doc. # 50] filed by Defendant Harris County, Texas [Doc. # 50]. Plaintiff Yantzey Gonzales has not responded and the time to do so has long expired.[1] Having reviewed the full record and applied the governing legal authorities, the Court **grants** both Motions.

---

[1] Plaintiff's counsel informed the Court's staff that Plaintiff would not be filing a response.

## I.     FACTUAL BACKGROUND

The material facts in the case are uncontroverted. Each Individual Defendant is a licensed peace officer and deputy in the Harris County Sheriff's Office.

On August 23, 2006, Deputy Eddie Willrich, who is not a defendant in the case, telephoned a suspect from whom he had recently purchased cocaine in an undercover capacity and arranged to purchase additional cocaine from the suspect the next day. The suspect agreed to meet Willrich at an AutoZone Auto Parts parking lot, and told Willrich that he would be driving a maroon Cadillac.

The next day, the deputies observed a maroon Cadillac enter the parking lot as planned. Willrich and Nations, working undercover in plain clothes, drove toward the Cadillac and parked nearby. Willrich got into the back seat of the Cadillac, in which Plaintiff was a passenger. Willrich then returned to his own vehicle and gave the signal indicating that the suspects were in possession of the cocaine.

The remaining officers, who had been parked across the street, moved in to make the arrest. Willis pulled up and parked on the driver's side of the Cadillac. Another officer, Sergeant Mitch Hatcher, pulled his truck directly behind the Cadillac. After Willis and Hatcher parked their vehicles, Martinez pulled up approximately thirty to forty feet behind Hatcher's truck.

Willis and Hatcher, each wearing raid gear with the word "SHERIFF" on the front in white letters, exited their vehicles. Willis drew his firearm, pointed it at the Cadillac, and yelled "Sheriffs' Department." Another deputy, Denny Coker, walked towards the Cadillac identifying himself as "Sheriff's Office" and directing the occupants of the vehicle to let him see their hands. The driver of the Cadillac put his car in reverse and appeared to hit Hatcher's truck. The driver then revved the engine, put the Cadillac into "drive," and turned the Cadillac towards Hatcher and Willis. Willis saw the Cadillac hit Hatcher and knock him backwards. The car then knocked Willis back and ran over the side of his foot.

Willis was stuck between his own car and the Cadillac, and was facing the Cadillac's front windshield. He saw what he believed to be a firearm pointed at him through the windshield. Willis shouted "gun" three times before firing his weapon four times through the driver's window. The Cadillac continued moving through the parking lot. Fearing for his safety and the safety of the officers and the public present in the parking lot, Willis fired at least three additional shots. Instead of exiting the parking lot, the suspect swerved toward and struck a marked patrol car.

Martinez had seen the Cadillac drive very close to Willis and saw Willis fall down, apparently having been hit by the car. Martinez heard gunshots, but could not tell who had fired or if Willis had been shot. Martinez, who was standing on a curb,

then saw the Cadillac make a u-turn and come straight towards him.  He fired two shots into the passenger side of the Cadillac.

At some point during the incident, Nations exited his vehicle.  He observed the Cadillac hit Hatcher and heard Willis indicate that the suspect had a gun.  Nations heard gunshots and glass breaking.  He saw the vehicle hit the rear of a patrol vehicle and then turn towards him.  The suspect drove toward Nations, who believed he was about to be struck by the Cadillac and either seriously injured or killed.  Fearing for his safety, Nations fired into the vehicle at the driver.

Plaintiff was shot during the incident in the parking lot.  After the deputies finally stopped the Cadillac and arrested Plaintiff and the driver, the deputies called for emergency medical care for the two men in custody.  Plaintiff was flown to an area hospital for emergency treatment.  He remains paralyzed as a result of being shot during the parking lot incident.

Plaintiff filed this lawsuit against Harris County and Deputies Willis, Nations, and Martinez, asserting that Defendants violated his constitutional rights.  After an adequate time to complete discovery, Defendants filed motions for summary judgment.  The motions are ripe for decision.

## II.     STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party may meet its burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and identify specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific

facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence, but is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *See Chaney v. Dreyfus Service Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-413). Additionally, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

### III. INDIVIDUAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff alleges that the Individual Defendants violated his rights under the Fourth and Fourteenth Amendments by using excessive force and failing to provide

adequate medical care on August 24, 2006.[2] Plaintiff also asserts state law causes of action for assault and intentional infliction of emotional distress.

### A. <u>Excessive Force Claims</u>

To avoid summary judgment on his excessive force claims, Plaintiff must present evidence to show "(1) an injury, (2) which resulted directly and only from the use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Manis v.* Lawson, 585 F.3d 839, 843 (5th Cir. 2009) (citations omitted). An officer's use of force is not excessive and, therefore, not a violation of the Constitution, "when the officer reasonably believes that the suspect poses a threat of serious harm to the officer or to others." *Id.* The analysis focuses on whether the officer's conduct was objectively reasonable, not on the officer's subjective intent. *Id.* An officer's conduct "must be judged in light of the circumstances confronting him, without the benefit of hindsight." *Id.*

The Individual Defendants have presented uncontroverted evidence establishing that their use of force on August 24, 2006, was neither clearly excessive nor unreasonable. Their evidence shows that Plaintiff was a passenger in a vehicle that

---

[2] Plaintiff also asserts a § 1983 conspiracy claim. This claim, however, is not actionable without a separate violation of § 1983. *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995); *Walzier v. McMullen*, 333 F. App'x 848, 851 (5th Cir. June 17, 2009). As is discussed herein, Plaintiff has not presented evidence to support his § 1983 claims and, therefore, cannot survive summary judgment on the conspiracy claim.

was being used as a weapon against the Individual Defendants and other officers present at the scene. Faced with a threat of serious harm to themselves and others, the Individual Defendants used only the amount of force that was reasonable under the circumstances. Plaintiff has presented no evidence or argument to the contrary and, as a result, the Individual Defendants are entitled to summary judgment on the excessive force claims.

### B. Inadequate Medical Care Claim

The Fourteenth Amendment guarantees pretrial detainees the right to adequate medical care. *See Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996); *Lacy v. Shaw*, 357 F. App'x 607, 609 (5th Cir. Dec. 16, 2009). In order to avoid summary judgment on this claim, Plaintiff must present evidence that "the defendant acted with deliberate indifference to his serious medical needs, meaning that the defendant was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk." *Hare*, 74 F.3d at 647-48; *Lacy*, 357 F. App'x at 609. Neither a delay in providing medical care absent substantial harm nor negligent medical care violates the Fourteenth Amendment. *See Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993).

In Plaintiff's First Amended Complaint, Plaintiff alleges that Defendants violated his Fourteenth Amendment rights by using excessive force "and then not

providing medical care." *See* First Amended Complaint [Doc. # 22], ¶ 22. The uncontroverted evidence in the record, however, establishes that Defendants called for emergency medical assistance for Plaintiff immediately upon removing him from the vehicle and securing him. Plaintiff was transported by "Life Flight" to an area hospital for emergency treatment. The uncontradicted evidence establishes that Defendants were not deliberately indifferent to Plaintiff's medical needs and, instead, took reasonable measures to obtain proper medical care for Plaintiff.

Plaintiff has not presented evidence to raise a genuine issue of material fact in support of his medical care claim. Consequently, Defendants are entitled to summary judgment on the claim.

### C.   Assault Claim

Under Texas law, a law enforcement officer enjoys official immunity from assault claims where, as here, he is acting in the scope of his authority and in good faith. *See Linbrugger v. Abercia*, 363 F.3d 537, 544 (5th Cir. 2004) (citing *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994)). An officer acts in good faith if "a reasonable and prudent . . . officer could have believed his conduct was lawful in light of clearly established law and the information possessed by him at the time he made his decisions." *Tex. Dept. of Public Safety v. Perez*, 905 S.W.2d 695, 699 (Tex. App. – Houston [14th Dist], 1995).

As was discussed above in connection with Plaintiff's excessive force claims, the uncontroverted evidence establishes that the Individual Defendants acted in good faith and with a reasonable belief that their conduct was lawful. Plaintiff has presented no evidence to the contrary and, as a result, the Individual Defendants are entitled to summary judgment on Plaintiff's assault claim.

### D.   Intentional Infliction of Emotional Distress Claim

To avoid summary judgment on his intentional infliction of emotional distress claim, Plaintiff must present evidence that (1) the defendant acted intentionally or recklessly, (2) the defendant's conduct was extreme and outrageous, (3) the conduct caused the plaintiff to suffer emotional distress, and (4) the emotional distress was severe. *Bradford v. Vento*, 48 S.W.3d 749, 758 (Tex. 2001); *Milo v. Martin*, 311 S.W.3d 210, 217 (Tex. App. – Beaumont, 2010). Whether the defendant's conduct is sufficiently extreme and outrageous to support this cause of action is a question of law. *Bradford*, 48 S.W.3d at 758; *Milo*, 311 S.W.3d at 217.

In this case, the Court finds as a matter of law based on the uncontroverted evidence in the record that none of the Individual Defendants engaged in conduct that was extreme and outrageous. Indeed, as is discussed above, the Individual Defendants acted reasonably under the circumstances in the parking lot on August 24, 2006.

Defendants are entitled to summary judgment on Plaintiff's claim of intentional infliction of emotional distress.

## IV. HARRIS COUNTY'S MOTION FOR SUMMARY JUDGMENT

Plaintiff alleges that Harris County failed to train and supervise the Individual Defendants adequately regarding the use of force. Specifically, Plaintiff alleges that Harris County "has a custom, practice, policy and procedure of not disciplining nor retraining deputies/officers who use excessive force on suspects, violate chase policies or any policies regarding safe apprehension of suspects in vehicles." *See* First Amended Complaint, ¶ 20. Plaintiff also asserts a § 1983 claim against Harris County for the use of excessive force.[3]

### A. Failure to Train and Supervise Claims

A municipality's policy of failing to train and supervise its police officers can give rise to § 1983 liability. *Pineda v. City of Houston*, 291 F.3d 325, 331–32 (5th Cir. 2002) (citing *Brown v. Bryan County*, 219 F.3d 450, 457 (5th Cir. 2000)). To avoid summary judgment on this claim against Harris County, Plaintiff must present evidence of (1) inadequate training and/or supervision procedures; (2) that caused the

---

[3] Plaintiff also asserts a state law claim under § 101.021 of the Texas Tort Claims Act. Plaintiff has not presented evidence either that he gave timely formal notice or that Harris County had timely actual knowledge of Plaintiff's claim as required by the six-month notice provision of the Texas Tort Claims Act. Consequently, the claim is barred. *See* TEX. GOV'T CODE § 311.034.

deputies to shoot him; and (3) the deliberate indifference of municipal policymakers. *See id.* (citing *Conner v. Travis County*, 209 F.3d 794, 796 (5th Cir. 2000)).

In this case, Plaintiff has not presented evidence of any inadequate training or supervision by Harris County. Additionally, Plaintiff has not presented evidence that any inadequate training or supervision that may have existed caused him to be shot in the parking lot. Finally, Plaintiff has not presented any evidence of deliberate indifference on the part of Harris County decision makers. As a result, Plaintiff has failed to present evidence to support his § 1983 claim that Harris County failed to train and supervise its deputies adequately. Harris County is entitled to summary judgment on this claim.

### B. Excessive Force Claim

A municipality cannot be held liable under a theory of *respondeat superior* or vicarious liability for the intentional torts of its employees. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *see also Monnell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable solely because it employs a tortfeasor . . . ."); *Hampton Co. Nat. Sur., LLC v. Tunica County, Miss.*, 543 F.3d 221, 227 (5th Cir. 2008). Municipal liability under § 1983 requires proof of three elements: (1) an official policy or custom, of which (2) a final policymaker can be charged with actual or constructive knowledge, and (3) a

constitutional violation whose "moving force" is that policy or custom. *Hampton Co.*, 543 F.3d at 227 (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.2001)). Plaintiff must also present evidence that the municipality's inadequate policy or custom was adopted with deliberate indifference to the constitutional rights of its citizens. *Harris*, 489 U.S. at 387–91. Stated differently, there must be both municipal culpability and causation. *See Snyder v. Trepagnier*, 142 F.3d 791, 796 (5th Cir. 1998).

In this case, Plaintiff has not presented any evidence of a custom, practice, or policy that was the "moving force" behind any violation of Plaintiff's constitutional rights. Moreover, as is discussed above, Plaintiff has not presented evidence to raise a genuine issue of material fact regarding his claim that his constitutional rights were violated on August 24, 2006. As a result, Harris County is entitled to summary judgment on Plaintiff's excessive force claim.

## V. <u>CONCLUSION AND ORDER</u>

Plaintiff has failed to respond to Defendants' legal arguments. Moreover, Plaintiff has failed to present evidence that raises a genuine issue of material fact in support of his claims against Defendants in this case. Accordingly, it is hereby

**ORDERED** that Individual Defendants' Motion for Summary Judgment [Doc. # 46] and Harris County's Motion for Summary Judgment [Doc. # 50] are **GRANTED**. The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this 3rd day of **August, 2010**.

Nancy F. Atlas
United States District Judge